**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOMINIC HAYNES aka HAYENS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1796** |
| | : | |
| **WARDEN, CFCF, *et al.*,** | : | |
| **Defendants.** | : | |

# MEMORANDUM

**KENNEY, J.** **July 28, 2026**

Plaintiff Dominic Haynes, a pretrial detainee, filed this *pro se* civil rights action under 42 U.S.C. § 1983, naming as Defendants the Warden of Curran-Fromhold Correctional Facility ("Warden of CFCF"), the City of Philadelphia ("the City"), the Commissioner of the Philadelphia Department of Prisons ("Commissioner"), and the Commonwealth of Pennsylvania, seeking injunctive relief.[1] (ECF No. 1 at 8.) He has also filed a motion for leave to proceed *in forma pauperis*. (*See* ECF Nos. 6, 7.) For the following reasons, the Court will grant the motion for leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

---

[1] While not listed in the caption of the Complaint, Haynes listed the "Office of the City Solicitor" in the "parties" section. (Compl. at 2.)

## I. FACTUAL ALLEGATIONS[2]

Haynes is a pretrial detainee incarcerated at CFCF awaiting trial on criminal charges pending against him in the Philadelphia County Court of Common Pleas. *See Commonwealth v. Hayens*, CP-51-CR-0002681-2024 (C.P. Philadelphia).[3] According to the docket available on the Unified Judicial System of Pennsylvania Web Portal, Haynes has been detained at CFCF on charges related to that case since July 2024.[4] *Id.*

Haynes contends that he was detained on August 14, 2023, and that he has been detained since that time without arraignment, hearings, rulings, bail review, trial date, or explanation, and without response from the Commonwealth and Pennsylvania Supreme Court. (Compl. at 4, 5-7.)

[2] The factual allegations set forth in this Memorandum are taken from Haynes's form Complaint and attachments, plus a Declaration he later executed to comply with Federal Rule of Civil Procedure 11. (*See* ECF Nos. 1, 5.) The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

[3] "Hayens" is one of Haynes's aliases. (*See* ECF No. 4 at 1 n.1.)

[4] By way of background, Haynes had open criminal dockets or was wanted in multiple counties in Pennsylvania and was moved among "a variety of penal institutions until he ultimately escaped" from the Allegheny County Prison on October 16, 2022. *Commonwealth v. Haynes*, 328 A.3d 1035, 1036-37 (Pa. Super. 2024). Authorities captured him on or about July 24, 2023, and the events alleged in the Philadelphia criminal case occurred three days before that, on July 21, 2023. *Commonwealth v. Haynes*, No. 2318 EDA 2023, 2024 WL 3913198, *1 (Pa. Super. 2024); *Hayens*, CP-51-CR-0002681-2024, Docket at 3-4 (offense dates). According to the publicly available dockets, his preliminary arraignment in the 2024 Philadelphia case was held on February 9, 2024, and his preliminary hearing considering eighteen criminal charges occurred on April 11, 2024. Two charges were not held for court but the remaining sixteen were. The Commonwealth filed bills of information on April 16, 2024. Both the prosecutor and defense have filed motions concerning Pennsylvania Rule of Criminal Procedure 600; the court has ruled on them all. Haynes is now on his fifth defense attorney. The first four attorneys withdrew, and his fifth entered his appearance on August 22, 2025, and remains court-appointed counsel. On April 17, 2026, the defense requested a continuance for further investigation. The next court date, a status hearing, is scheduled for August 28, 2026. *See Hayens*, Docket.

He lists locations where the events occurred as: "Philadelphia, Pennsylvania; CFCF (Curran-Fromhold Correctional Facility); Philadelphia Court of Common Pleas; Philadelphia Superior Court; Pennsylvania Supreme Court." (*Id.*)

Haynes initially filed a civil rights action in this Court concerning these events on March 5, 2026, which preceded the filing of this action. *See Haynes v. Warden, Curran-Fromhold Correctional Facility*, Civ. No. 26-1418 (E.D. Pa.) (hereafter "*Haynes I*"). He filed the instant matter (hereafter "*Haynes II*") on March 18, 2026. In *Haynes II*, which is also filed pursuant to 42 U.S.C. § 1983, Haynes asserts that his rights under the Sixth, Eighth, and Fourteenth Amendments have been violated. (Compl. at 4.) He claims injuries that include the two and a half-year detention allegedly without arraignment, bail review, hearings, or trial, inability to prepare his defense, prejudice from extreme delay, and emotional, physical, and psychological harm. (*Id.* at 8.) As to physical injuries, Haynes contends that he hurt his head and back from a slip and fall accident on October 18, 2023, and sustained neck and back injuries when the sheriff's transports in which he was riding on October 3, 2025 and on October 18, 2025 were involved in motor vehicle accidents. (*Id.*) Haynes requests that the Court order the Defendants to provide timely hearings, review, and release him on bail. (*Id.*)

## II. STANDARD OF REVIEW

Haynes does not appear able to prepay the filing fee, so the Court will grant his motion for leave to proceed *in forma pauperis*.[5] Pursuant to that statute, the Court must screen the Complaint and dismiss it if, among other grounds, it fails to state a claim. *See* § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

[5] Because Haynes is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Haynes is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013)).

In addition, the Court must dismiss the action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

### A. Claim Splitting Doctrine

Federal courts recognize a prohibition against the splitting of claims relating to the same transaction or occurrence. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). "Just as *res*

*judicata* applies to a second action filed after a final adjudication of the first action, the rule against claim splitting applies when . . . two suits are pending at the same time." *Id.* The doctrine reflects that a district court, "[a]s part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The rule applies when two civil actions: "(1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter." *McKenna v. City of Philadelphia*, 304 F. App'x 89, 92 (3d Cir. 2008).

*Haynes II* plainly meets these criteria. *Haynes II* echoes the first lawsuit in nearly all respects. Haynes seeks relief based upon identical legal theories asserting violations of the Sixth, Eighth, and Fourteenth Amendments.[6] He sues the same defendants in *Haynes I* and *II*. *Compare Haynes I* (ECF No. 2 at 4-5) *with Haynes II* (ECF No. 1 at 4-5.) The two cases share the same operative facts concerning Haynes's detention since the summer of 2023 and the alleged lack of process he has received in his state criminal matter. At bottom, Haynes makes allegations in both actions that he has been held "continuously without arraignment, without discovery, without a trial date, and without any judicial review of bail." *Hynes I* (ECF No. 2 at 6); *see Haynes II* (ECF No. 1 at 4 (claiming Haynes has not "been arraigned," "given a trial date," or "received bail review")). "When the difference between the two cases is 'purely semantic' and both cases rely on the 'same operative facts and legal principles,' the cases involve the same subject matter." *Matthews Int'l Corp. v. Lombardi*, No. 20-89, 2020 WL 1309399, at *1 (W.D. Pa. Mar. 19, 2020) (citing *McKenna*, 304 F. App'x at 92). Because the two actions are duplicative, the Court will dismiss

[6] Because Haynes references personal injuries among his injuries in *Haynes II*, the Court will construe the Complaint to allege negligence claims against the Defendants. (Compl. at 8.)

*Haynes II* without prejudice.[7] *McKenna*, 304 F. App'x at 93 (noting that a court may dismiss without prejudice, stay, or consolidate two duplicative lawsuits).

**B. State Law Claims**

In light of the personal injuries purportedly sustained in October 2023 and October 2025 and listed under "Injuries," the Court understands Haynes to allege claims for negligence under state law. (*See* Compl. at 8.) However, because his federal claims will be dismissed, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over his negligence claims brought under state law. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

---

[7] When final judgment is entered in *Haynes I*, any second action in federal court will be barred by *res judicata*. *Walton*, 563 F.2d at 71 n.4; *McKenna*, 304 F. App'x at 94. As noted *infra*, Haynes will not be prevented from bringing state law claims in state court.

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Haynes has not met his burden. He has not expressly alleged his own citizenship but lists a Pennsylvania address for himself at CFCF located at 7901 State Road, Philadelphia. (*See* ECF No. 5.) Haynes likewise did not allege the Defendants' citizenship, although, considering that he is suing the City of Philadelphia and several of its agencies, it appears likely that he and the other defendants are Pennsylvania citizens, thus defeating complete diversity. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973) (holding that while a State is not a "citizen" for diversity purposes, "a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes").

Haynes thus has not sufficiently alleged that the parties are diverse for purposes of establishing this Court's jurisdiction over any state law claims he intends to pursue, and as such, all state law claims will be dismissed for lack of subject matter jurisdiction. The dismissal will be without prejudice to Haynes refiling his state law claims in state court, where federal jurisdiction will not be an issue.[8] *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir.

[8] The Court expresses no opinion on the merits of any state law claims.

2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Haynes's federal claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the federal claims are duplicative of ones still pending in Haynes's earlier lawsuit against the same Defendants, the dismissal will be without prejudice. The state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate Order will be entered dismissing this case with no leave to amend because amendment in this case would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**